UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WAYNE B. H.,[1]

                        Plaintiff,               5:24-cv-0711 (BKS/DJS)

v.

LELAND DUDEK, Acting Commissioner of Social
Security,

                        Defendant.

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
John A. Sarcone III
United States Attorney
Jason P. Peck
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

    Plaintiff Wayne B. H. filed this action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of the Commissioner of Social Security's decision finding that Plaintiff was not disabled and denying his application for supplemental security income benefits. (Dkt. No. 1). This matter

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

was referred to United States Magistrate Judge Daniel J. Stewart for a Report-Recommendation. (Dkt. No. 5); N.D.N.Y. L.R. 72.3(e). On March 24, 2025, after reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 8, 9, 12, 13, 14), Magistrate Judge Stewart issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that Defendant's motion for judgment on the pleadings be granted, and that the Commissioner's decision be affirmed. (Dkt. No. 15). Plaintiff filed objections to the Report-Recommendation. (Dkt. No. 16). For the following reasons, the Court adopts the Report-Recommendation and affirms the decision of the Commissioner.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. Nos. 8, 9), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III.  DISCUSSION

#### A.  Report-Recommendation

The parties have not raised any objections to the background or legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 15, at 2–6). The Court therefore adopts Magistrate Judge Stewart's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

Plaintiff's request for remand centers on one argument: that despite finding at steps two and three (as part of the psychiatric review technique) that Plaintiff had a moderate limitation in "adapting and managing oneself," the Administrative Law Judge ("ALJ") failed to account for this limitation in mental functioning in formulating Plaintiff's residual functional capacity ("RFC"). (Dkt. No. 12, at 2, 7–10)). In evaluating Plaintiff's argument, Magistrate Judge Stewart reviewed the ALJ's findings at steps two and three of the familiar five-step process, as well as the RFC determination. (Dkt. No. 15, at 7, 9). Magistrate Judge Stewart noted: that, at step two, the ALJ found Plaintiff "had the severe impairments of a learning disability and post-traumatic stress disorder," (Dkt. No. 15, at 7 (citing R. 20)); and that, in conducting the psychiatric review technique at step three, the ALJ found that although Plaintiff had "a moderate limitation in" each of the four categories of mental functioning,[3] including, as relevant here, the category of

---

[3] The four categories or "areas of mental functioning" concern a claimant's ability to "[u]nderstand, remember or apply information," "[i]interact with others," "[c]oncentrate, persist, or maintain pace," and "[a]dapt or manage oneself." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, §§ 12.05, 12.15.

"adapting or managing oneself," Plaintiff did not meet the criteria for Listings 12.05 or 12.15. (*Id.* (explaining that the Listings requires "an extreme limitation in one, or marked limitation in two [categories] of mental functioning" (citing R. 22–23) (quotation omitted))). Magistrate Judge Stewart also noted that ALJ determined that Plaintiff had the RFC to "perform simple tasks, but 'should avoid work requiring more complex interaction or joint efforts with coworkers.'" (*Id.* at 9 (quoting R. 25)).

Turning to Plaintiff's argument that the ALJ's finding of a moderate limitation in adapting and managing oneself necessitated a corresponding limitation in Plaintiff's RFC, Magistrate Judge Stewart observed the ALJ had "specifically noted that" the step three mental functioning "criteria 'are not a residual functional capacity assessment.'" (*Id.* at 8 (quoting R. 23)). Magistrate Judge Stewart found the ALJ's notation in this regard was consistent with governing caselaw, which "recognizes . . . that findings made as part of the [psychiatric review technique] do not necessarily directly correlate to the RFC." (*Id.* (citing *Hussain v. Comm'r of Soc. Sec.*, 22-cv-3880, 2023 WL 8189750, at *8, 2023 U.S. Dist. LEXIS 209902, at *23 (E.D.N.Y. Nov. 26, 2023)). Magistrate Judge Stewart explained that "'[w]hile the analysis at steps two and three concerns the functional effects of mental impairments, the RFC analysis . . . specifically considers work-related physical and mental activities in a work setting,' such that 'a finding at steps two or three does not automatically translate to an identical finding" in the RFC. (*Id.* (quoting *Maura B. C. v. Comm'r of Soc. Sec.*, 21-cv-294, 2022 WL 2789102, at *6, 2022 U.S. Dist. LEXIS 125318, at *17 (N.D.N.Y. July 15, 2022)). Magistrate Judge Stewart therefore concluded that there was no legal error in the ALJ's purported failure to explicitly incorporate the step three findings into Plaintiff's RFC. (*Id.*).

4

Magistrate Judge Stewart further found that even if there had been legal error, there was no basis for remand in this case because the RFC had in fact "account[ed] for limitations in the domain of adapting or managing oneself." (Dkt. No. 15, at 9). Citing the RFC's finding that "Plaintiff could perform simple tasks, but 'should avoid work requiring more complex interaction or joint efforts with coworkers,'" (*id.* (quoting R. 25)), Magistrate Judge Stewart found that the RFC "adequately addressed" Plaintiff's moderate limitations in adapting and managing oneself, (*id.* (citing *William W. v. Kijakazi*, 23-cv-1066, 2024 WL 3823489, at *4, 2024 U.S. Dist. LEXIS 145467, at *13–14 (D. Conn. Aug. 15, 2024)). Accordingly, Magistrate Judge Stewart recommended finding no legal or factual error and that the Commissioner's decision denying Plaintiff's application for disability benefits be affirmed. (*Id.* at 10).

**B.     Objections**

**1.     Duty of Explanation for Omission of Limitations from RFC**

Plaintiff contends that Magistrate Judge Stewart's "claim" that "the ALJ was not required to account for all [psychiatric review technique] findings in the RFC . . . does not shield the Judge from error where all other [psychiatric review technique] limitations were accounted for save one." (Dkt. No. 16, at 3). According to Plaintiff, the ALJ "breached" the "duty of explanation" by failing to explain why he omitted Plaintiff's limitations in the "adapt and manage oneself" category from the RFC, but included limitations from the three other categories. (*Id.* (citing *Marita K. v. Comm'r of Soc. Sec.*, No. 21-cv-00592, 2023 WL 5368494, at *4, 2023 U.S. Dist. LEXIS 147484, at *12 (W.D.N.Y. Aug. 22, 2023))). Plaintiff's argument is misplaced.[4]

---

[4] In addition, it does not appear that Plaintiff raised the issue regarding the ALJ's alleged breach of the duty of explanation in his initial brief. (Dkt. No. 12). Thus, the Court need not consider it. *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). This argument is, in any event, without merit.

5

In general, the duty of explanation Plaintiff is referring to arises when an ALJ decides not to credit (in whole or in part) a medical source opinion. *See*, *e.g.*, *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (discussing the obligation of "administrative decisionmakers" in accordance with Second Circuit authority and governing regulations "to explain why a treating physician's opinions are not being credited" (first citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)), and then citing 20 C.F.R. § 404.1527(d)(2))). Indeed, *Marita K.*, 2023 WL 5368494, at *4, 2023 U.S. Dist. LEXIS 147484, at *12, which Plaintiff cites in support of his objection, (Dkt. No. 16, at 3), arises in this context. *See Marita K.*, 2023 WL 5368494, at *4, 2023 U.S. Dist. LEXIS 147484, at *10–12 (finding breach of "duty of explanation" where ALJ found medical opinions of consultative examiner "persuasive, yet failed to include critical limitations from those opinions in the RFC or explain their absence"). Thus, Plaintiff has identified no legal authority imposing a duty of explanation when an ALJ finds mental functioning limitations at step three but does not include them in the RFC. And as Plaintiff does not otherwise challenge the proposition that, as Magistrate Judge Stewart explained, "an ALJ is not obligated to expressly incorporate his step three findings into the RFC," (Dkt. No. 15, at 8 (quoting *Shari L. v. Kijakazi*, No. 20-cv-1266, 2022 WL 561563, at *9, 2022 U.S. Dist. LEXIS 32832, at *26–27 (N.D.N.Y. Feb. 24, 2022)), the Court finds Plaintiff's objection without merit.

### 2. Category for RFC's Mental Functioning Limitations

Plaintiff objects to Magistrate Judge Stewart's finding that the ALJ accounted for Plaintiff's moderate limitation in the category of adapting and managing oneself in the RFC by limiting Plaintiff to "simple tasks" and work that does not require "more complex interaction or joint efforts with coworkers." (Dkt. No. 16, at 1–3 (quoting Dkt. No. 15, at 9)). Plaintiff argues that these limitations "clearly fell under the categories of interacting with others and concentration, persistence, and maintaining pace"—not adapting or managing oneself. (*Id.* at 3).

Plaintiff's argument is without merit. Courts frequently find an RFC's "[l]imitations in work complexity and in interpersonal interaction" adequate to "to address a claimant's limitations in adaptive categories of functioning." *Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022) (citing cases); *see also Felix J. v. Comm'r of Soc. Sec.*, No. 23-cv-08404, 2024 WL 3539287, at *3, *5, 2024 U.S. Dist. LEXIS 131700, at *7, *11 (S.D.N.Y. July 25, 2024) (explaining that "an ALJ can appropriately account for . . . moderate (or even marked) impairment in the claimant's attention and concentration and ability to adapt and manage, through an RFC limiting a claimant to "simple work-related decisions," "occasional contact with supervisors, co-workers, and the public," and "occasional changes in a routine work setting"). Accordingly, Plaintiff's objection is without merit.

## IV.   CONCLUSION

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 15) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that the Commissioner's Motion for Judgment on the Pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED** and the Complaint is **DISMISSED**; and it further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: May 2, 2025

Brenda K. Sannes
Chief U.S. District Judge